Darrell L. Cochran
Kevin M. Hastings
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Suite 200
Tacoma, WA 98402
Telephone: (253) 777-0799
Facsimile: (253) 627-0654
darrell@pcvalaw.com
kevin@pcvalaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANDA HOIRUP, PETER HOIRUP, individually, and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    vs.<br><br>PREMERA BLUE CROSS, a Washington Company,<br><br>                Defendant. | No.<br><br>CLASS ACTION COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
1

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

I.      INTRODUCTION .......................................................................................... 1

II.     JURISDICTION ............................................................................................ 2

III.    PARTIES ...................................................................................................... 3

IV.     FACTS .......................................................................................................... 4

        A.      Premera Collects its Insureds' Personal and financial information .................. 4

        B.      Vulnerability of Its Computer System Was Made Known to Premera
                Weeks Before the Data Breach ..................................................................... 7

        C.      Premera Did Nothing to Secure The System After Learning About the
                Threat ............................................................................................................ 7

        D.      Premera Failed to Promptly and Accurately Notify .......................................... 8

        E.      The Data Breach Harmed Plaintiffs and Other Class Members ........................ 8

V.      CLASS ALLEGATIONS ............................................................................. 9

VI.     COUNTS ...................................................................................................... 12

        A.      Count I – Negligence (On Behalf of All Plaintiffs and the Nationwide
                Class) ............................................................................................................. 12

        B.      Count II – Negligence Per Se (On Behalf of All Plaintiffs and the
                Nationwide Class) ......................................................................................... 14

        C.      Count III – Breach of Implied Contract (On Behalf of All Plaintiffs and
                the Nationwide Class) ................................................................................... 15

        D.      Count IV – Unjust Enrichment (On Behalf of All Plaintiffs and
                Nationwide Class) ......................................................................................... 16

        E.      Count V – Failure to Timely Disclose Breach Under RCW 19.255.010 ........ 17

        F.      Count VI – Violation of the Washington Consumer Protection Act (On
                Behalf of All Plaintiffs and the Washington Subclass) .................................. 18

VII.    PRAYER FOR RELIEF ............................................................................... 20

VIII.   JURY TRIAL DEMANDED ........................................................................ 21



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

# I.   INTRODUCTION

1.      A health insurance company with a computer system or website that stores sensitive, personal and financial information must ensure that its insureds' personal and financial information is safeguarded from theft.  When a data breach affecting 11 million people occurs, a health insurance company must immediately and accurately notify its insureds to prevent them from incurring financial losses, losses of time, and inconvenience as a result of the actual or threatened fraudulent use of stolen personal and financial information.  This lawsuit stems from Premera's failure to follow these two simple rules.

2.      Premera is one of the largest health plans in the Pacific Northwest, serving 1.8 million people, from individuals and families to Fortune 100 employer groups.  Beginning on or around May 5, 2014, and continuing for an unknown time, Premera's computers were breached by unknown attackers.  The breach resulted in approximately 11 million individuals because the attackers accessed computers housing data on Premera's insured dating back to 2002.  The victims' health profiles were hijacked, information that included Social Security numbers, birthdays, emails, physical addresses, bank account information, clinical information, and detailed insurance claims.

3.      The massive Premera data breach could have been prevented.  Three weeks before hackers infiltrated Premera, federal auditors warned that the network security procedures were inadequate.  The officials gave 10 recommendations for Premera to fix the problems and specifically warned that the security vulnerabilities could be exploited and expose sensitive information.  At least some of the problems were extremely basic, such as failing to implement critical patches and other software updates in a timely matter.  Premera received this federal



CLASS ACTION COMPLAINT
1 of 21

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

report on April 18, 2014, and given the little effort necessary to fix the issues, there was more than sufficient time for Premera to secure its system before the May 5, 2014, breach.

4.      To compound matters, Premera did not have systems in place to detect that its computers had been breached.  It was not until the end of January 2015 that Premera realized that the data breach had occurred.  And instead of notifying those affected right away, so that they could safeguard their information, Premera failed notify its insured until March 17, 2015.

5.      As a result of the Premera data breach, the personal and financial information of 11 million insureds have been exposed to fraud and these insureds have been harmed as a result. The harm to victims of the data breach includes: fraudulent charges on their accounts; time and expense related to: (a) finding fraudulent charges; (b) canceling and reissuing cards; (c) credit monitoring and identity theft prevention; (d) imposition of withdrawal and purchase limits on comprised accounts; and (e) the general nuisance and annoyance of dealing with all these issues resulting from the Premera data breach.  Plaintiffs seek to remedy these harms, and prevent their future occurrence, on behalf of themselves and all victims of the Premera data breach.

## II.      JURISDICTION

6.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this suit arises, in part, under the laws of the United States.

7.      This Court has diversity jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  At least one Plaintiff and Defendant are citizens of different states.  The amount in controversy exceeds $5 million, and there are more than 1000 putative class members.



PCVA PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

8.      This Court has personal jurisdiction over the Defendant because Defendant is licensed to do business in Washington or otherwise regularly conducts business in Washington.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this federal judicial district, Defendant regularly conducts business in this district, property involved in a Plaintiff's claim is in this district, a Plaintiff resides in this district, and the unlawful practices are alleged to have been committed in this district.

### III.      PARTIES

10.     Yolanda Hoirup resides in Bonney Lake, Washington.  She has had Premera health insurance for several years.  She believed that Premera would maintain her personal and financial information in a reasonably secure manner and provided her information to Premera on that basis.  Had Plaintiff known that Premera would not maintain his/her information in a reasonably secure manner, she would not have provided the information to Premera.

11.     Peter Hoirup resides in Bonney Lake, Washington.  He had Premera health insurance for several years.  He believed that Premera would maintain her personal and financial information in a reasonably secure manner and provided her information to Premera on that basis.  Had Plaintiff known that Premera would not maintain his/her information in a reasonably secure manner he she would not have provided the information to Premera.

12.     Defendant Premera Blue Cross is a Washington company, headquartered in Mountlake Terrace, Washington.  Premera is one of the largest health insurers in the Pacific Northwest.  Premera provides healthcare benefits in Washington and Alaska.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

# IV.  FACTS

## A.  Premera Collects its Insureds' Personal and financial information

13.     Premera Blue Cross is one of the largest health plans in the Pacific Northwest. It serves about 1.8 million people, spanning from individuals and families to Fortune 100 employer groups.[1]

14.     Premera collects highly sensitive information from its insureds when they enroll, including Social Security numbers, birthdays, emails, physical addresses, and bank account information.  Over the course of serving its insured, Premera also collects clinical information and detailed insurance claims.

15.     Premera recognizes that its insured's personal and financial information is highly sensitive and must be protected.  According to Premera's Notice of Privacy Practices, effective on September 23, 2013, "Under both the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the Gramm-Leach-Bliley Act, Premera Blue Cross must take measures to protect the privacy of your personal information."  Premera states:

> We protect your personal information in a variety of ways. For example, we authorize access to your personal information by our employees and business associates only to the extent necessary to conduct our business of serving you, such as paying your claims. We take steps to secure our buildings and electronic systems from unauthorized access. We train our employees on our written confidentiality policy and procedures and employees are subject to discipline if they violate them. Our privacy policy and practices apply equally to personal information about current and former members; we will protect the privacy of your information even if you no longer maintain coverage through us.

[1] https://www.premera.com/wa/visitor/about-premera/

CLASS ACTION COMPLAINT
4 of 21



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

16.    Because it handles sensitive personal and financial information in the health care context, Premera is regulated under federal law.  On March 19, 2015, the Seattle Times reported that Premera was warned by federal auditors weeks before the data breach that its network security procedures were inadequate.  The article stated:

> Officials gave 10 recommendations for Premera to fix problems, saying some of the vulnerabilities could be exploited by hackers and expose sensitive information. Premera received the audit findings April 18 last year, according to federal records.
>
> The company disclosed Tuesday that a breach occurred May 5, potentially exposing Social Security numbers, addresses, bank-account information, medical information and more for 11 million customers.
>
> Premera didn't respond to the audit findings until June 30 and said at the time it had made some changes and planned to implement others before the end of 2014. The company, based in Mountlake Terrace, said it didn't discover the breach until January of this year and didn't disclose it until this week so it could secure its information-technology systems first.
>
> Premera spokesman Eric Earling said the audit, conducted by the U.S. Office of Personnel Management (OPM), was routine. He said the company worked to address the issues raised and that the vulnerabilities described in the audit may not have been exploited by the hackers.
>
> "We believe the questions OPM raised in their routine audit are separate from this sophisticated cyberattack," Earling said. He declined to discuss details of the hack, citing an ongoing FBI investigation.
>
> In one part of the technology audit, federal officials conducted vulnerability scans and found Premera wasn't implementing critical patches and other software updates in a timely manner.
>
> "Failure to promptly install important updates increases the risk that vulnerabilities will not be remediated and sensitive data could be breached," the auditors wrote.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

Premera responded to the auditors by saying it would start using procedures to properly update its software. But the company told the audit team it believed it was in compliance when it came to managing "critical security patches."

The auditors responded that the vulnerability scans indicated the company was not in compliance with that aspect. They suggested Premera provide evidence that it had implemented the recommendation, although the documents don't say whether that occurred.

The auditors also found that several servers contained software applications so old that they were no longer supported by the vendor and had known security problems, that servers contained "insecure configurations" that could grant hackers access to sensitive information, and that Premera needed better physical controls to prevent unauthorized access to its data center.

Federal auditors examined Premera because it is one of the insurance carriers that participates in the Federal Employees Health Benefits Program. Auditors examined applications used to manage claims from federal workers, but also the company's larger IT infrastructure.

Susan Ruge, associate counsel to the inspector general at the Office of Personnel Management, said the office is monitoring the situation at Premera, but hasn't determined whether the data breach will lead to any unplanned audit work at the company.

Premera Blue Cross is the largest health-insurance provider in Washington state based on enrollment, and it has more than 6 million current and former customers in the state who could be affected by the breach. The company said the hackers may have gained access to customer information dating back as far as 2002.

The company has started to mail letters to the approximately 11 million affected customers in Washington and elsewhere.[2]

---

[2] http://www.seattletimes.com/business/local-business/feds-warned-premera-about-security-flaws-before-breach/



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

17.     Upon information and belief, Premera did not follow or properly implement basic standards for security that the effective industry standard required to protect insureds' personal and financial information.

**B. Vulnerability of Its Computer System Was Made Known to Premera Weeks Before the Data Breach**

18.     On April 18, 2014, Premera received audit findings from federal officials that stated, in no uncertain terms, that its computer systems were at risk.  The shortcomings of Premera's security were basic and obvious, including failure to install important updates and critical security patches.  Premera responded by saying that it would start using procedures to updates software but maintained that it was in compliance when it came to managing the critical security patches.  Officials disagreed and told Premera that the vulnerability scans indicated that the company was out of compliance with critical security patches.

19.     The same federal auditors also found that several servers contained software applications so old that vendors no longer supported them.  These same applications had known security problems.  Officials told Premera that it needed to have better physical controls to prevent the unauthorized access to its data center.

**C. Premera Did Nothing to Secure The System After Learning About the Threat**

20.     Upon information and belief, Premera did not implement the recommendations of the federal auditors.  Weeks later, on May 5, 2014, Premera's data was breached, and the breach continued for an unknown time.  As it failed to take measures to secure data in the weeks after the federal audit, Premera also failed to detect the breach or implement measures to prevent additional victims' personal and financial information being exposed.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

**D.  Premera Failed to Promptly and Accurately Notify**

21.     Despite learning about the breach on January 29, 2015, Premera failed to notify any of the Plaintiffs until March 17, 2015.  In a press release, Premera claims that it needed to secure the system, something that should have taken place much earlier after the federal audit notified Premera of the risk.

22.     Despite the risk that the data breach posed to consumers, Premera did not immediately notify its insured of the breach.  The failure to promptly and effectively inform customers earlier of the data theft left an untold number vulnerable to attack.

**E.  The Data Breach Harmed Plaintiffs and Other Class Members**

23.     As a result of Premera's unfair, inadequate, and unreasonable data security, cybercriminals now possess the personal and financial information of Plaintiffs and the Class. As Premera admits that names, addresses, birthdays, Social Security numbers, phone numbers and email addresses were stolen, there is a real and compounding risk that Plaintiffs and the Class will be victims of identity theft.  While credit card companies offer protection against unauthorized chargers, the process is long, costly, and frustrating.  Physical cards must be replaced, credit card information must be updated on all automatic payment accounts, and victims must add themselves to credit fraud watch lists, which substantially impair victims' ability to obtain additional credit.

24.     Immediate notice of the breach is essential to obtain the best protection afforded by identity theft protection services. Premera failed to provide such immediate notice, thus further exacerbating the damages sustained by Plaintiffs and the Class resulting from the breach.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

25.     Personal and financial information is a valuable commodity.   A "cyber blackmarket" exists in which criminals openly post stolen credit card numbers, Social Security numbers, and other personal information on a number of Internet websites.

26.     The personal and financial information that Premera failed to adequately protect, including Plaintiffs identifying information, is "as good as gold" to identity thieves because identity thieves can use victims' personal data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards.

27.     Although Premera has offered free credit monitoring, the credit monitoring services do nothing to prevent credit card fraud.  Credit monitoring only informs a consumer of instances of fraudulent opening of new accounts, not fraudulent use of existing credit cards. Thus, Plaintiffs and the Class must take additional steps to protect their credit as described above.

## V.     CLASS ALLEGATIONS

28.     Plaintiffs bring this action as a national class action for themselves and all members of the following Class of similarly situated individuals and entities:

**The Nationwide Class**

All persons and entities in the United States who supplied personal and financial information to Premera Blue Cross and whose personal and financial information was compromised as a result of the data breach first disclosed by Premera in March 17, 2015.

29.     Excluded from the Class are Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.

30.     Plaintiffs also seek to certify the following Subclasses of the Class:

**The Washington Subclass**

All members of the Class who are residents of Washington or purchased health insurance through Premera, whose personal and financial information was compromised as a result of the data breach first disclosed by Premera on March 17, 2015.

Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleged the same claims.

31.     *Numerosity*. The Class is so numerous that joinder of all members is unfeasible and practical.  While the precise number of Class members has not been determined at this time, Premera has admitted that 11 million insureds have had their personal and financial information stolen and/or compromised in the data breach that Premera first disclosed on March 17, 2015.

32.     *Commonality*. Questions of law and fact common to all Class members exist and predominate over any questions affecting only individual Class members, including, *inter alia*:

a.      whether Premera engaged in the wrongful conduct alleged herein;

b.      whether Premera's conduct was deceptive, unfair, and/or unlawful;

c.      whether Premera owed a duty to Plaintiff and members of the Class to adequately protect their personal, health, and financial information;

d.      whether Premera owed a duty to provide timely and accurate notice of the Premera data breach to Plaintiff and members of the Class;



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

e.      whether Premera's conduct was likely to deceive a reasonable person;

f.      whether Premera used reasonable and industry-standard safety measures to protect Class members, personal and financial information;

g.      whether Premera knew or should have known that its computer system was vulnerable to attack;

h.      Whether Premera, a Washington Corporation, complied with Washington laws concerning consumer protection and data breach disclosures;

i.      whether Premera violated the Washington Consumer Protection Act;

j.      whether Premera violated the Washington Unfair Competition Law;

k.      whether Plaintiffs and Class members are entitled to recover actual damages, statutory damages, and/or punitive damages; and

l.      whether Plaintiffs and Class members are entitled to restitution, disgorgement, and/or other equitable relief.

33.      ***Typicality***. Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs and all Class members were injured through the uniform misconduct described above and assert the same claims for relief.

34.      ***Adequacy***. Plaintiffs and their counsel will fairly and adequately represent the interests of the Class members.  Plaintiffs have no interests antagonistic to, or in conflict with, the interests of the Class members.  Plaintiffs' lawyers are highly experienced in the prosecution of consumer class actions and complex commercial litigation.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

35.     *Superiority*. A class action is superior to all other available methods for fairly and efficiently adjudicating the claims of Plaintiffs and the Class members.  Plaintiffs and the Class members have been harmed by Premera's wrongful actions and/or inaction.  Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Premera's wrongful actions and/or inaction.

36.     Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(b)(3), because the above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37.     Class certification also is appropriate under Fed. R. Civ. P. 23(b)(2) because Premera has acted or refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

38.     The expense and burden of litigation would substantially impair the ability of Plaintiffs and Class members to pursue individual lawsuits to vindicate their rights.  Absent a class action, Premera will retain the benefits of its wrongdoing despite its serious violations of the law.

## VI.     COUNTS

### A.  Count I – Negligence (On Behalf of All Plaintiffs and the Nationwide Class)

39.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

40.     By accepting Plaintiffs' and Class members' non-public personal and financial information, Premera assumed a duty requiring it to use reasonable and industry standard care to secure such information against theft and misuse.

41.     Premera breached its duty of care by failing to adequately secure and protect Plaintiffs' and the Class members' personal and financial information from theft, collection and misuse by third parties.

42.     Premera further breached its duty of care by failing to promptly, clearly, accurately, and completely inform Plaintiffs and the Class that their personal and financial information had been stolen.

43.     Plaintiffs and the Class have suffered injury in fact, including monetary damages, and will continue to be injured and incur damages as a result of Premera's negligence and misconduct.

44.     As a direct and proximate result of Premera's failure to take reasonable care and use industry standard measures to protect the personal and financial information placed in its care, Plaintiffs and members of the Class had their personal and financial information stolen, causing direct and measurable monetary losses, threat of future losses, identity theft and threat of identity theft.

45.     As a direct and proximate result of Premera's negligence and misconduct, Plaintiffs and the Class were injured in fact by: (a) fraudulent charges; (b) theft of their personal and financial information; (c) costs associated with the detection and prevention of identity theft; (d) costs associated with the detection and prevention of unauthorized use of their financial accounts; (e) costs associated with being unable to obtain money from their accounts



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

or being limited in the amount of money they were permitted to obtain from their accounts; and (f) costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of the data breach, all of which have an ascertainable monetary value to be proven at trial.

**B. Count II – Negligence Per Se (On Behalf of All Plaintiffs and the Nationwide Class)**

46.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

47.     Pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, Premera had a duty to keep and protect the personal and financial information of its customers.

48.     Premera violated the Gramm-Leach-Bliley Act by failing to keep and protect Plaintiffs and Class members' personal and financial information, failing to monitor, and/or failing to ensure that Defendant complied with data security standards, card association standards, statutes and/or other regulations to protect such personal and financial information.

49.     Premera's failure to comply with the Gramm-Leach-Bliley Act, and/or other industry standards and regulations, constitutes negligence per se.

50.     Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Security and Privacy Rules, 42 U.S.C. § 1320d *et seq.*, Premera had a duty to keep and protect the personal and financial information of its customers.

51.     Premera violated HIPAA by failing to keep and protect Plaintiffs and Class members' personal and financial information, and/or failing to ensure that Defendant complied with data security standards, statutes and/or other regulations to protect such personal and financial information.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

52.     Premera's failure to comply with HIPAA, and/or other industry standards and regulations, constitutes negligence per se.

**C.  Count III – Breach of Implied Contract (On Behalf of All Plaintiffs and the Nationwide Class)**

53.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

54.     Plaintiffs and the Class provided their personal and financial information to Premera in exchange for Premera's services.  Plaintiffs and members of the Class entered into implied contracts with Premera under which Premera agreed to safeguard and protect such information and to timely and accurately notify Plaintiffs and Class members that their data had been breached and compromised.

55.     Each purchase for Premera's services made by Plaintiffs and members of the Class was made under the mutually agreed upon implied contract with Premera under which Premera agreed to safeguard and protect Plaintiffs' and Class members' personal and financial information, and to timely and accurately notify them that such information was compromised and breached.

56.     Plaintiffs and Class members would not have provided and entrusted their personal and financial information to Premera in order to purchase Premera services in the absence of the implied contract between them and Premera.

57.     Plaintiffs and members of the Class fully performed their obligations under the implied contracts with Premera.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

### D. Count IV – Unjust Enrichment (On Behalf of All Plaintiffs and Nationwide Class)

58.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

59.     Plaintiffs and Class members conferred a monetary benefit on Premera in the form of monies paid for the purchase of services during the period of the Premera data breach.

60.     The monies paid for the purchase of services by Plaintiffs and members of the Class to Premera during the period of the Premera data breach were supposed to be used by Premera, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiffs and members of the Class.

61.     Premera failed to provide reasonable security, safeguards, and protection to the personal and financial information of Plaintiffs and Class members and as a result, Plaintiffs and Class members overpaid Premera for the services purchased during the period of the Premera data breach.

62.     Under principles of equity and good conscience, Premera should not be permitted to retain the money belonging to Plaintiffs and members of the Class, because Premera failed to provide adequate safeguards and security measures to protect Plaintiffs and Class members' personal and financial information that they paid for but did not receive.

63.     As a result of Premera's conduct as set forth in this Complaint, Plaintiffs and members of the Class suffered damages and losses stated above, including monies paid for Premera services that Plaintiffs and Class members would not have purchased had Premera disclosed the material facts that it lacked adequate measures to safeguard customers' personal and financial information and had Premera provided timely and accurate notice of the data



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

breach, and including the difference between the price they paid for Premera's services as promised and the actual diminished value of its services.

64.     Plaintiffs and the Class have conferred directly upon Premera and economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiffs and the Class.

65.     The economic benefit, including the monies paid and the overcharges and profits derived by Premera and paid by Plaintiffs and members of the Class, is a direct and proximate result of Premera's unlawful practices as set forth in this Complaint.

66.     The financial benefits derived by Premera rightfully belong to Plaintiffs and members of the Class.

67.     It would be inequitable under established unjust enrichment principles all of the states where Premera conducts business for Premera to be permitted to retain any of the financial benefits, monies, profits, and overcharges derived from its unlawful conduct as set forth in this Complaint.

68.     Premera should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the Class all unlawful or inequitable proceeds received by Premera.

69.     A constructive trust should be imposed upon all unlawful or inequitable sums received by Premera traceable to Plaintiffs and the Class.

70.     Plaintiffs and the Class have no adequate remedy at law.

**E.  Count V – Failure to Timely Disclose Breach Under RCW 19.255.010**

71.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

72.     Premera is a business conducting business in Washington and owns or licenses computerized data that includes personal information, as defined under RCW 19.255.010.

73.     On or around May 5, 2014, Premera's computer system storing personal and financial information was breached, and unauthorized individuals gained access to the information.

74.     Premera knew or should have known that the breach occurred, but due to its own negligent monitoring of its information systems, it did not discover the breach until January 29, 2015.

75.     Premera then failed to notify the persons whose data was breached until May 17, 2015.

76.     Premera's failure to detect and disclose the breach constituted an unreasonable delay.

77.     As a direct and proximate result of Premera's failure to provide reasonably prompt disclosure, Plaintiff and the Class have suffered damages.

**F.  Count VI – Violation of the Washington Consumer Protection Act (On Behalf of All Plaintiffs and the Washington Subclass)**

78.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs.

79.     The conduct of Defendant as set forth herein constitutes unfair or deceptive acts or practices, including, but not limited to accepting and storing Plaintiffs' and the Class members' personal and financial information but failing to take reasonable steps to protect it. In violation of industry standards and best practices, Premera also violated consumer



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

expectations to safeguard personal and financial information and failed to tell consumers that it did not have reasonable and best practices, safeguards, and data security in place.

80.     Premera also violated the Washington Consumer Protection Act by failing to immediately notify Plaintiffs and the Class of the data breach.  If Plaintiffs and the Class had been notified in an appropriate fashion, they could have taken precautions to better safeguard their personal and financial information.

81.     Defendant's actions as set forth above occurred in the conduct of trade or commerce.

82.     To establish that an act is a "consumer" transaction it must be likely that "additional plaintiffs have been or will be injured in exactly the same fashion."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790 (1986).

83.     Plaintiffs were injured exactly the same way as millions of other Premera customers.  In a consumer transaction, the following factors determine whether the transaction "impacts the public interest":

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Id.*

84.     Defendant conducted the practices alleged herein in the course of its business, pursuant to standardized practices that it engaged in both before and after the Plaintiffs in this case were harmed, and many consumers were affected.



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

85.     As a direct and proximate result of Target's negligence and misconduct described in this complaint, Plaintiffs and the Class were injured in fact by: (a) (a) fraudulent charges; (b) theft of their personal and financial information; (c) costs associated with the detection and prevention of identity theft; (d) costs associated with the detection and prevention of unauthorized use of their financial accounts; (e) costs associated with being unable to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts; and (f) costs associated with the loss of productivity from taking time to ameliorate the actual and future consequences of the data breach, all of which have an ascertainable monetary value to be proven at trial.

86.     Defendant's conduct proximately caused Plaintiffs' and the Class's injuries.

87.     Defendant is liable to Plaintiffs and the Class for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages.

### VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.  That the Court certify this case as a class action and appoint the named Plaintiffs to be Class representatives and their counsel to be Class counsel;

B.  That the Court award Plaintiffs appropriate relief, to include actual and statutory damages, disgorgement, and restitution;

C.  That the Court award Plaintiffs preliminary or other equitable or declaratory relief as may be appropriate by way of applicable state or federal law;



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

D.  That the Court enter such additional orders or judgments as may be necessary to prevent these practices and to restore to any person in interest any money or property which may have been acquired by means of the violations;

E.  That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

F.  That the Court award Plaintiffs such other, favorable relief as may be available and appropriate under law or at equity;

G.  That the Court award costs and reasonable attorneys' fees; and

H.  That the Court enter such other and further relief as the Court may deem just and proper.

## VIII.    JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

DATED: March 22, 2015

PFAU COCHRAN VERTETIS AMALA PLLC

By: ___/s/ Darrell L. Cochran_____

Darrell L. Cochran, WSBA No. 22851
Kevin M. Hastings, WSBA No. 42316
PFAU COCHRAN VERTETIS AMALA PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Telephone: (253) 777-0799
Facsimile: (253) 627-0654
darrell@pcavalaw.com
kevin@pcvalaw.com

4826-3657-1426, v. 1



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com