Certified to be a true and correct copy of original filed in this District

Dated: __06/16/2015__

**MARY L. MORAN, Clerk of Court**
U.S. District Court of Oregon

By: _____

Pages __1__ Through __3__

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: PREMERA BLUE CROSS CUSTOMER
DATA SECURITY BREACH LITIGATION                    MDL No. 2633

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in an action pending in the Western District of Washington moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Western District of Washington. This litigation consists of eight actions—seven actions pending in the Western District of Washington and one action pending in the District of Oregon—as listed on Schedule A.[1]

All responding parties either support or do not oppose centralization. In addition to the movant, defendant Premera Blue Cross (Premera) and plaintiffs in twelve actions and potential tag-along actions support centralization in the Western District of Washington. Plaintiffs in two potential tag-along actions, and Premera in the alternative, suggest centralization in the District of Oregon. One plaintiff does not oppose centralization, but suggests that transfer under 28 U.S.C. § 1404(a) may be preferable to centralization under 28 U.S.C. § 1407.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Oregon will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a data security breach that allegedly occurred sometime between May 2014 and January 2015, resulting in the electronic theft of personally identifiable information and personal health information of, by one estimate, some 11 million current and former health insurance plan members of Premera or its affiliated health insurance companies. Although there are relatively few related actions pending outside the Western District of Washington, we are convinced that the benefits of centralization outweigh any disadvantages in this instance. There are now twenty-nine related actions pending in four districts, all of which are putative class actions, most nationwide in scope. The subject-matter of the anticipated discovery and motion practice is likely to be complex. Centralization will eliminate duplicative discovery, prevent

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of 21 related actions pending in the District of Alaska, the Middle District of Florida, the District of Oregon, and the Western District of Washington. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.

After weighing all relevant factors, we select the District of Oregon as the transferee district for this litigation. The District of Oregon is a convenient and accessible forum for this litigation. Two of the related actions are pending in this district, which is supported both by plaintiffs and defendant Premera in the alternative. We are convinced that the District of Oregon has the necessary judicial resources and expertise to manage this litigation efficiently. Finally, by appointing the Honorable Michael H. Simon to preside over this matter, we select a jurist with the ability to steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Oregon are transferred to the District of Oregon and, with the consent of that court, assigned to the Honorable Michael H. Simon for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell            Charles R. Breyer
Ellen Segal Huvelle            R. David Proctor
Catherine D. Perry

**IN RE: PREMERA BLUE CROSS CUSTOMER
DATA SECURITY BREACH LITIGATION**        MDL No. 2633

## SCHEDULE A

<u>District of Oregon</u>

COLCORD v. PREMERA BLUE CROSS, C.A. No. 3:15-00516

<u>Western District of Washington</u>

CUSHNIE v. PREMERA BLUE CROSS, C.A. No. 2:15-00413
BLACKWOLFE, ET AL. v. PREMERA BLUE CROSS, C.A. No. 2:15-00429
GUENSER v. PREMERA BLUE CROSS, C.A. No. 2:15-00441
HOIRUP, ET AL. v. PREMERA BLUE CROSS, C.A. No. 2:15-00445
COSSEY, ET AL. v. PREMERA BLUE CROSS, C.A. No. 2:15-00472
FORSETER, ET AL. v. PREMERA BLUE CROSS, C.A. No. 2:15-00499
ARCHIBALD v. PREMERA BLUE CROSS, C.A. No. 2:15-00505